IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

UNITED STATES OF AMERICA,

v.  Docket No.: 4:18CR12

JAVONTAY JACQUIS HOLLAND,
    Defendant.

MEMORANDUM IN SUPPORT OF MOTION TO EMPANEL
A DANVILLE DIVISION VENIRE

COMES NOW, JAVONTAY JACQUIS HOLLAND, by and though his counsel, and moves this Honorable Court to empanel a Danville Division venire to try the captioned litigation. In support of his motion, Mr. Holland offers the following.

Mr. Holland and his four remaining codefendants stand charged with various firearm and violent crime offenses for which if convicted, Mr. Holland faces mandatory life imprisonment without parole as well as other penalties. This Honorable Court previously decided to conduct this trial in the Roanoke Courthouse based on the size of this facility compared to the Danville Courthouse and other factors arising out of the age and security issues resources associated with conducting the trial of multiple codefendants at the Danville Courthouse. The Court also considered hospitality resources for traveling witnesses and in the event sequestration of the venire became necessary. In making this decision to transfer venue and at multiple times in considering where and when to conduct the trial, this Court acknowledged that this litigation was meaningful to the Danville community in terms of having a fair, just and timely resolution. That the Roanoke courthouse is a more opulent facility than the Danville Courthouse ought not

deprive the residents of the Danville Division their opportunity to serve on the venire and determine the outcome of litigation that directly affects its Division's residents.

While the United States speculates as to a number of possible issues with allowing a Danville Division jury to decide allegations arising out of alleged events that occurred solely in Danville and by Danville residents, there is no evidence that a Danville Division juror would suffer anymore infirmity than a juror from the Roanoke Division. In other words, there is absolutely no evidence before this Court to support any of the concerns raised by the Government in their pleading.

In *United States v. Mathis, Criminal Action No. 3:14CR00016 (WD Va., 2015)* Judge Conrad was faced with similar circumstances. Due to media coverage, security issues and for other reasons, Judge Conrad tried a Charlottesville case in the Roanoke Courthouse. In ordering the intra-district transfer, he stated "[T]he court recognizes that Roanoke will be a longer drive for some of the victims and witnesses. However, the court is convinced that any inconvenience to victims and witnesses is outweighed by the other relevant factors discussed above, which militate in favor of transferring venue to the Roanoke Division." This also holds true for potential jurors when no reason exists to disqualify a Division as whole.

It is also worth noting that Rule 21 of the Federal Rules of Criminal Procedure permits a transfer of venue on defendant's motion only. The transfer of venue in the case at bar gives the Government no right to select from which Division a panel ought to be drawn, nor does it expressly authorize the Court a choice of jurors.

28 USCS 1865 identifies the qualifiers for jurors, which includes that the juror has resided in the judicial district for at least one year. Transfer of venue does not equate to a transfer of a venire without an evidentiary finding as to why.

This Honorable Court, along with its learned counsel, are well able to determine whether participation in this trial may cause a particular venireman undue hardship that merits an excuse from service. This Court has made no determination as to the sequestration of a jury. This Court has no information that caregivers would be unable to participate on the venire. The Court has no evidence that permitting a Danville Division jury to determine the outcome offenses alleged to have occurred in Danville would cause a less diverse, less impartial or less competent resolution of the issues at bar. There is no evidence that a Danville venire would be anymore inconvenienced than a Roanoke venire.

There is no evidence that anyone charged in this indictment has threatened or intimidated anyone from Danville Division in order to gain an advantage in this litigation. Rather, each and every person charged has been incarcerated since his arrest. There is no evidence of excessive media coverage or other improper influences in the community where these crimes are alleged to have occurred. In fact, the sparse media coverage cited by the United States in their brief shows the very little attention this litigation has drawn in the Western District of Virginia and beyond.

Empaneling a Roanoke Division jury sends a message that because of an economic disparity between the Divisions as evidenced in the federal facilities, that the people of Danville are ill equip to sit as jurors in matters pertaining to their community. That Danville is less economically prosperous than Roanoke is not a constitutionally valid reason to preclude its qualified citizens from participation in jury service. Furthermore, it is rather common in the

Western District of Virginia for a panel to be called upon to travel to another Division for trial for any number of reasons.

A defendant has a right to be tried by a jury of his peers. A community has an inherent right to try its alleged offenders absent good cause otherwise. Local Rule 2 provides in pertinent part that "[U]pon the return of an indictment by any grand jury, it shall be filed in the division in which the crime charged is alleged to have occurred and assigned to the judge next in rotation for that division." This dictates where a defendant ought to be tried and implies by whom. Until such time that this Court is unable to seat a fair and impartial Danville Division jury, it ought not consider prospective jurors from any other Division.

WHEREFORE, Mr. Holland, by and through his counsel, respectfully moves this Honorable Court to empanel a jury from the Danville Division.

Respectfully submitted,
**JAVONTAY JACQUIS HOLLAND**

By:_____/s/_____

Jacqueline M. Reiner, Esquire
VSB No.: 41829
Counsel for Defendant Javontay Jacquis Holland
JACQUELINE M. REINER, PLLC
5600 Grove Avenue
Richmond, Virginia 23226
T:	804.285.3888
F:	804.285.7779
reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire
VSB No.: 18894
*Counsel for Defendant Javontay Jacquis Holland*
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
T:	540.983.9300
F:	540.983.9400

bondurant@gentrylocke.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2019 I electronically filed the foregoing Memorandum in Support of Motion to Empanel a Danville Division Venire with the Clerk of Court using the CM/ECF system which will send a NEF to:

Ron Huber, Managing Assistant United States Attorney
Heather Carlton, Supervising Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
U.S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902
T: (434) 293-4283
F: (434) 293-4910
Ron.Huber@usdoj.gov
Heather.Carlton@usdoj.gov
Counsel for the United States of America

_____/s/_____
Jacqueline M. Reiner
Counsel for Javontay Jacquis Holland