IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

**UNITED STATES OF AMERICA,**

v.  Docket No.: 4:18CR12

**JAVONTAY JACQUIS HOLLAND,**
  **Defendant.**

**OBJECTION TO GOVERNMENT'S DEMAND FOR ALIBI**

COMES NOW, Javontay Jacquis Holland, by and through his counsel, and moves this Honorable Court to DENY the Government's Demand for Notice of Alibi. In support of this Objection, Mr. Holland is unaware of any crime for which he charged having occurred on the dates and at the times identified in the Government's Demand.

**A.  Governing Authority.** Rule 12.1(a) of the Federal Rules of Criminal Procedure provides that "[A]n attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense." Rule 12.1(b) provides the parameters for the defendant's response. "Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state: (A) each specific place where the defendant claims to have been at the time of the alleged offense; and. (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely."

**B.  Argument.** The Government's Demand for Alibi as to both June 15, 2016 and August 20, 2016 is overly broad and ought to be denied.

1.      **June 15, 2016 - 10:00pm to 11:00pm.**  Mr. Holland is unaware of what crime he is alleged to have committed at June 15, 2016.  As the Indictment alleges no criminal offense on this date as to Mr. Holland, the Government's demand for an alibi is overly broad and outside of what is permitted by Rule 12.1.

2.      **August 20, 2016 - 12:00 noon to 12:00pm.**  The alibi demand for August 20, 2016 appears to request information pertaining to less than a second in time.  However, from a review of the discovery provided by the Government, it appears the Government alleges no offense to have occurred on August 20, 2016 at high noon.  Accordingly, once again the Government's demand for an alibi is overly broad and outside of what is permitted by Rule 12.1.

In the event that the time of 12:00 noon to 12:00 pm is a typographical error and the Government intends to seek an Order requiring Mr. Holland to identify his whereabouts and witnesses to the same between 12:00pm to 12:00am or 12:00am to 12:00pm on August 20, 2016; this request is overly broad.  The offenses for which Mr. Holland is alleged to have committed in the Counts 10 through 15 of the Indictment did not occur over a span of 12 hours.  Rather, as the discovery produced thus far indicates, execution of the alleged action was immediate and swift.  If this is the Government's intended request it has not been demanded and it falls outside what Rule 12.1 permits.  Rule 12(a)(2) requires the defendant to identify each specific place where and the witnesses with whom the defendant claims to have been at the time of the alleged offense; not an itinerary of the day of the alleged offense.

The law does not task Mr. Holland with independently determining what crimes he is alleged to have committed.  To require Mr. Holland to identify his conduct beyond the criminal acts explicitly charged in the Indictment would violate Rules 12.1 and 7(c) of the Federal Rules of Criminal Procedure; permit the Government to discover information to which it is not entitled;

and violate Mr. Holland's right to remain silent pursuant to the Fifth Amendment to the United States Constitution.

**C.     Conclusion.**  Mr. Holland, by and through his counsel respectfully moves this Honorable Court to DENY the Government's Demand for Alibi and further incorporates by reference his Memorandum of Argument and Authorities in Support of his Motion for a Bill of Particulars filed on this same day.

Respectfully submitted,<br>
**JAVONTAY JACQUIS HOLLAND**

By:_____/s/_____

Jacqueline M. Reiner, Esquire
VSB No.:  41829
*Counsel for Defendant Javontay Jacquis Holland*
JACQUELINE M. REINER, PLLC
5600 Grove Avenue
Richmond, Virginia 23226
T:     804.285.3888
F:     804.285.7779
reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire
VSB No.:  18894
*Counsel for Defendant Javontay Jacquis Holland*
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
T:     540.983.9300
F:     540.983.9400
bondurant@gentrylocke.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 16, 2019 I electronically filed the foregoing Objection to Government's Demand for Notice of Alibi with the Clerk of Court using the CM/ECF system which will send a NEF to:

Ron Huber, Managing Assistant United States Attorney
VSB No.: 31135
Heather Carlton, Assistant United States Attorney
VSB No.:  82752

OFFICE OF THE UNITED STATES ATTORNEY
U.S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902
T: (434) 293-4283
F: (434) 293-4910
Ron.Huber@usdoj.gov
*Counsel for the United States of America*

_____/s/_____
Jacqueline M. Reiner
Counsel for Javontay Jacquis Holland