IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00012 |
| | ) | |
| DASHAWN ANTHONY *ET AL.* | ) | |
| | ) | |

## **OPPOSITION TO MOTION TO EXTEND MOTIONS DEADLINE**

The United States of America respectfully opposes Defendant Javontay Holland's Motion to Set Additional Pretrial Hearing Date, in which the defendant seeks a month extension of the deadline to file motions to suppress. ECF No. 343. As grounds for this opposition, the United States asserts the following:

1. The Third Amended Scheduling Order sets the deadline for filing motions to suppress as June 28, 2019, with a hearing on those motions set for July 19, 2019. *See* ECF No. 275, ¶¶ 7(d), 8. The Order also directs the government to disclose its witness list, exhibit list, and copies of its trial exhibits by September 6, 2019. *Id.* at ¶ 3.

2. Although entitled a motion for an "additional pretrial hearing date," Defendant Holland's motion requests an extension of the motions to suppress deadline by almost a month – and requests a hearing on those motions less than two weeks before the United States would be required to disclose its trial exhibits. This extension would prejudice the United States' ability to adequately prepare for trial in this matter.

1

3. Even assuming that the Court ruled on the motions to suppress at the hearing (which, historically, is not this Court's practice), the United States would then only have less than two weeks to modify its trial exhibits and witness list based on the Court's ruling, if needed. The condensing of the time between the Court's ruling and the trial exhibit and witness list deadline is especially prejudicial where, at the same exact time, the United States would also be preparing for trial in the companion case of *United States v. Davis et al*, 4:18-cr-11, which has more defendants, substantially more counts, and significantly more allegations of violent conduct. If the Court did not rule on the motions to suppress until after September 6, the United States would lose all ability to affect its case-in-chief, which could significantly prejudice the government.

4. The United States notes that it disclosed copies of most of its search warrants and affidavits in discovery Production 5, which was provided to Discovery Counsel on November 7, 2018. Copies of additional search warrants were disclosed in Production 7, which was provided to Discovery Counsel on January 24, 2019. The United States disclosed copies of Holland's recorded interviews with law enforcement on August 1, 2018, and written summaries of those interviews on October 2, 2018. Therefore, the Defendant has had adequate time to analyze whether there are any Fourth, Fifth, or Sixth Amendment issues that need to be raised with the Court. Nonetheless, the United States would not oppose a brief continuance of the motions to suppress deadline (such as a week or two), so long as it could receive a ruling from the Court in time to affect its trial exhibit and witness list deadline.

WHEREFORE, the United States requests that the motion be denied.

Respectfully submitted,

THOMAS T. CULLEN

United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:    434.293.4283
Heather.carlton@usdoj.gov
Ron.huber@usdoj.gov
newmamj@danvilleva.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing opposition has been electronically filed with the Clerk by CM/ECF system which will send notification of such filing to all counsel for the Defendants, on this 29th day of May, 2019.

s/Heather L. Carlton
Assistant United States Attorney

3