**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division**

**UNITED STATES OF AMERICA,**

**v.**                                                                    **Docket No.:  4:18CR12**

**TREDARIOUS JAMERIQUAN KEENE,
MONTEZ LAMAR ALLEN,
JAVONTAY JACQUIS HOLLAND, and
JALEN COMARRIUS TERRY,**
          **Defendant.**

**SECOND MOTION TO EXCLUDE IRRELEVANT EVIDENCE**

COMES NOW, Javontay Jacquis Holland, by and through his counsel, and moves this

Honorable Court to exclude irrelevant evidence pursuant to Federal Rules of Evidence 401, 402,

403, and 404 and the authorities cited below.

**A.       Motion for a Bill of Particulars.**

Mr. Holland previously filed a Motion for a Bill of Particulars that this Honorable Court

denied.  Specifically, in regard to the Indictment he asked for the following information.

a.       *Paragraphs 7 and 8* - In which if any of these activities did Mr. Holland

participate and on what dates, at what times and in what locations?

b.       *Paragraph 10* - On what dates, at what times, and in what locations did Mr.

Holland commit, agree to commit, or agree for another to commit, or otherwise aid or abet the

offenses identified in each of the subparagraphs (a), (b), (c), and (d)?

c.       *Paragraph 11* - What acts did Mr. Holland agree to commit and on what dates, at

what times, and in what locations?  What acts did Mr. Holland, himself, commit and on what

dates, at what times, and in what locations?  What acts did Mr. Holland agree for others to

commit or otherwise aid and abet and on what dates, at what times, and in what location?  What

acts did others commit based on Mr. Holland's agreement and on what date, at what time and in what location?

d. *Paragraph 12* - The Government alleges that "[T]he overt acts performed by the conspirators included, but are not limited to" and then identifies specific violations of law. What other acts not specifically identified and attributed to Mr. Holland in the Indictment did Mr. Holland commit or agree to commit and on what dates, at what times, and in what locations?

e. *Paragraph 12(d)* - The Government alleges that "[O]n or between 2016 through 2018 …. trafficked in marijuana throughout the Danville, Virginia region." On what dates, at what times and in what locations did Mr. Holland traffic in marijuana on behalf of or in association with the racketeering enterprise?

f. *Paragraph 16* - The Government alleges that Mr. Holland engaged in "multiple acts involving murder and robbery in violation of Virginia law; and trafficking in controlled substances …." On what dates, at what times and in what locations did Mr. Holland engage in these identified criminal activities on behalf of or in association with the racketeering enterprise?

To date, no discovery identifying the same has been produced.

**B.** **Argument and Authorities.**

In the case at bar, the Government is required to prove, beyond a reasonable doubt, that Mr. Holland was a member of a racketeering enterprise and that he engaged in specific criminal activities to further his position within or the mission of the racketeering enterprise[1].

In its Indictment, the Government repeatedly uses the phrase "[A]t all times relevant to this Indictment." *See Paragraphs 4, 5, 16.* In Paragraph 10, the Government alleges that the racketeering conspiracy began "from within or about sometime in 2015." In Paragraph 12(d),

---

[1]*See 18 U.S.C. § 1959 and 1961.*

the Government alleges that "[O]n or between 2016 through 2018" Mr. Holland "trafficked in marijuana." In his Motion for a Bill of Particulars, Mr. Holland argued that without a reasonable degree of specificity as to the date, time, location and specific alleged conduct, Mr. Holland cannot possibly mount his defense.

To date, the United States has continued to produce discovery well past this Court's imposed deadline of April 1, 2019. The most recent disclosure came during the trial of *USA v. Marcus Davis et al., 4:18CR11*. Counsel for Mr. Holland continue to sift through approximately 805 GB of materials produced to discovery counsel (in addition to multiple transcripts received in the last couple months) but have yet to find evidence of drug dealing, firearm trafficking or any other criminal activity performed by Mr. Holland on behalf of the alleged Milla enterprise. Furthermore, the Government has produced no evidence of Mr. Holland agreeing to participate in any activities in furtherance of the alleged organization.

Among other things, Mr. Holland anticipates that the United States intends to use photographs obtained through his FaceBook account which depict firearms and marijuana, along with evidence of shootings in which he has absolutely no involvement. Whether Mr. Holland is a dangerous drug dealer or fantastic firearms tracker or even a ruthless robber is irrelevant without the proper foundation and established relationship to the activities alleged in the case at bar. In the case at bar, such activities are only relevant and admissible so long as the United States can provide the proper foundation that these activities were attempted or accomplished on behalf of or in promotion of the alleged racketeering organization. Without such a foundation, evidence of such criminal conduct and/or bad behavior is unfairly prejudicial, irrelevant, and inadmissible.

Federal Rule of Evidence 404 addresses the use of "Character Evidence; Crimes or Other Acts." Rule 404(a)(1) provides that "[E]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(b) addresses the use of "Crimes, Wrongs, or Other Acts."

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
>
> On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

In the case at bar, no such evidence could possibly meet the purposes described in paragraph (b) (2).

> The principal danger that Rule 404(b) targets is addressed by the language of the rule itself--that defendants not be convicted simply for possessing bad character. *See* Michelson v. United States, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218-19, 93 L.Ed. 168 (1948) (explaining that propensity evidence is excluded because it might 'overpersuade' a jury and cause them to "prejudge one with a bad general record"); Wigmore on Evidence § 58.2, at 1215 (Tillers rev.1983) (noting the concern courts have felt over 'the overstrong tendency to believe the accused guilty of the charge merely because he is a likely person to do such acts'). This danger is compounded by the idea that juries might face defendants whom the government has brought forth merely because it has 'rounded up the usual suspects' who have a history of prior bad acts.
>
> There are two other dangers that Rule 404(b) addresses. First, it protects against juries trying defendants for prior acts rather than charged acts, and guards against juries becoming confused by the

purpose of the admitted acts and using the acts improperly in arriving at a verdict. *See* <u>Michelson</u>, 335 U.S. at 475-76, 69 S.Ct. at 218-19; Wigmore, supra, at 1215 (noting 'the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from other offenses'). And second, it protects against the "trial by ambush" that would occur if one were confronted at trial not only with acts alleged in the indictment but also with prior acts from the span of one's entire lifetime. Such a trial would be nearly impossible to prepare for effectively. Indeed, the history of the limitation on other-act evidence indicates that the genesis of the exclusion arose in response to abuses in the seventeenth-century English courts, particularly the Star Chamber. See Thomas J. Reed, Trial by Propensity: Admission of Other Criminal Acts Evidenced in Federal Criminal Trials, 50 U. Cin. L.Rev. 713, 716 (1981). In the Star Chamber, prosecutors prepared the evidence for unspecified charges in advance of trial, giving defendants little opportunity to reply or defend. Id. Worried about such abuses, English courts began, not long after the abolition of the Star Chamber, to place limitations on evidence presented outside the scope of the charge. See Wigmore, supra, § 58.2, at 1213-16 nn. 1-2 …

[E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

<u>United States v. Queen</u>, 132 F.3d 991, 995-97 (4th Cir., 1997).

In the case at bar, any evidence of unadjudicated criminal or otherwise bad acts is totally irrelevant to the two questions at bar: Whether Mr. Holland is a member of the alleged Milla enterprise and whether Mr. Holland participated in the shooting of Christopher Motley and Justion Wilson in the course of said membership. Any such other evidence is not probative of

any claim against Mr. Holland and could only possibly serve to unconstitutionally and unfairly prejudice him and encourage a jury to "condemn [Mr. Holland] not because [Mr. Holland] is believed guilty of the present charge but because he has escaped unpunished from other offenses." *Supra.*

"Irrelevant evidence is never admissible." FRE 403. To date, the Government has provided no evidence that Mr. Holland committed any predicate offenses on behalf of the Millas or that "[I]n furtherance of the conspiracy that [Mr. Holland] agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." *See Paragraph 12 of the Indictment.*

**C.     Conclusion.**

For the reasons stated above, Javontay Jacquis Holland, by and through his counsel, respectfully moves this Honorable Court for entry of an Order excluding criminal conduct and bad acts evidence outside of the alleged shooting of Justion Wilson and Christopher Motley. To the extent the United States intends to present such evidence against his codefendants, Mr. Holland seeks this same relief as such evidence would unfairly and unconstitutionally prejudice him at trial.

In the alternative, Mr. Holland moves this Honorable Court to set a pretrial evidentiary hearing no later than 45 days before trial requiring the United States to present its anticipated testimony and evidence as it would to the jury to demonstrate foundation and relevance to the case at bar. To permit the Government to disclose the same for the first time at trial and before a jury will cause repercussions no limiting instruction could cure and creates grave risk not only for a miscarriage of justice, but also a mistrial.

Respectfully submitted,
**JAVONTAY JACQUIS HOLLAND**

By:_____/s/_____

Jacqueline M. Reiner, Esquire
VSB No.: 41829
*Counsel for Defendant Javontay Jacquis Holland*
JACQUELINE M. REINER, PLLC
5600 Grove Avenue
Richmond, Virginia 23226
T:     804.285.3888
F:     804.285.7779
reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire
VSB No.: 18894
*Counsel for Defendant Javontay Jacquis Holland*
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
T:     540.983.9300
F:     540.983.9400
bondurant@gentrylocke.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 3, 2019 I electronically filed the foregoing Second Motion to Exclude Irrelevant Evidence with the Clerk of Court using the CM/ECF system which will send a NEF to:

Ron Huber, Managing Assistant United States Attorney
VSB No.: 31135
Heather Carlton, Assistant United States Attorney
VSB No.: 82752
OFFICE OF THE UNITED STATES ATTORNEY
U.S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902
T: (434) 293-4283
F: (434) 293-4910
Ron.Huber@usdoj.gov
Heather.Carlton@usdoj.gov

*Counsel for the United States of America*

_____/s/_____
Jacqueline M. Reiner
Counsel for Javontay Jacquis Holland
